(13 Misc. Rep. 488.)

### In re SEMKEN.

(Common Pleas of New York City and County, Special Term. July, 1895.)

1. INTOXICATING LIQUORS—REFUSAL OF LICENSE—CERTIORARI—JURISDICTION OF NEW YORK CITY COURT.
   The city court of New York, in the absence of any statute to that effect, has no jurisdiction to issue a writ of certiorari to review the decision of the board of excise on an application for a license.
2. SAME—AUTHORITY TO HEAR WRIT.
   Laws 1893, c. 481, § 1, providing that a writ of certiorari "may be made returnable to and the cause heard by a city court," does not authorize a city court to issue the writ.

Application by Henry J. Semken for a peremptory writ of mandamus to James M. Fitzsimons, justice of the New York city court.

Browne & Sheehan, for the motion.
James M. Fitzsimons, in pro. per.

BISCHOFF, J.　In the absence of some statutory provision to such an effect, the city court of New York is without jurisdiction to grant a writ of certiorari to review an adverse determination of the board of excise in the city of New York upon an application for a license.　People v. Board of Excise of City of New York, 3 N. Y. St. Rep. 253.　Assuming that the city court of New York is a "city court," within the meaning of section 1 of chapter 481 of the Laws of 1893, still jurisdiction to grant the writ is not apparent.　The statute alluded to provides that a writ of certiorari "may be made returnable to and the cause heard by a city court," etc., but nowhere empowers the city court to grant or issue the writ.　Motion denied.